FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 20 2008

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DAVID LEWIS, | No. CV 08-7265-VAP (AGR) |
| Petitioner, | OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

On November 3, 2008, Petitioner David Lewis, proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

## I.
## PROCEDURAL HISTORY

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in two prior federal habeas corpus actions brought by Petitioner: *Lewis v. Borg*, CV 88-4803 ER (S) ("Lewis I"); *Lewis v. Marshall*, CV 92-7212 ER (S) ("Lewis II").

Petitioner was convicted in 1986 of second degree murder with possession of a firearm. On January 12, 1987, the California Court of Appeal affirmed the judgment.

On July 13, 1988, the California Supreme Court denied a petition for writ of habeas corpus.

In Lewis I, Petitioner filed a petition for writ of habeas corpus by a person in state custody on August 8, 1988. Lewis I challenged Petitioner's 1986 convictions based on two grounds: ineffective assistance of trial counsel and ineffective assistance of appellate counsel. On June 30, 1989, the Court entered Judgment dismissing the Petition on the merits with prejudice.

In Lewis II, Petitioner filed a second petition for writ of habeas corpus by a person in state custody on December 7, 1992. Lewis II challenged Petitioner's 1986 conviction on five grounds: trial court failed to give petitioner's instructions to the jury, prosecutor misconduct and misleading jury instructions, trial court erred in sending the jury back to deliberations after deadlock, trial court erred in denying a motion under Cal. Penal Code § 1538.5, and illegal sentencing enhancement pursuant to Cal. Penal Code § 12022.5. On April 29, 1993, the Magistrate Judge recommended denial of the petition on the merits with prejudice as a successive petition and abuse of the writ. On May 18, 1993, Petitioner filed objections to the report and recommendation.

On June 9, 1993, the Court issued an Order Adopting Report and Recommendation of United States Magistrate Judge and entered Judgment denying the petition in Lewis II on the merits and with prejudice. On June 22, 1993, Petitioner filed a Notice of Appeal. This Court denied Petitioner's request for a certificate of probable cause on August 11, 1993. On October 8, 1993, the Ninth Circuit denied Petitioner's request for a certificate of probable cause. (Case No. 93-56347).

II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

2

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas petition.") (citation omitted).

Here, the Petition is a third or successive petition that challenges the same custody imposed by the same judgment of the state court as in Lewis I and Lewis II. (Petition at 2, 5-6.) It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file this Petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 127 S. Ct. at 796-98.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

///
///
///
///
///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: November 18, 2008

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented By:

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE